IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00962-WJM-KLM

TISHA K. LAFRAMBOISE, as an individual and former vice president,

    Plaintiff,

v.

STURM FINANCIAL GROUP, INC., a foreign Wyoming corporation d/b/a American National Bank, a Colorado bank, and
UNKNOWN DOE DEFENDANTS 1 through 5,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for an Order for Leave to Amend the Complaint** [Docket No. 26; Filed September 29, 2011] (the "Motion to Amend") and Defendant Sturm Financial Group's ("SFG") **Motion to Strike Plaintiff's Motion for an Order for Leave to Amend the Complaint (Dckt. 26) and Certain Supporting Exhibits (Dckts. 27, 29, 30, 31)** [Docket No. 36; Filed October 4, 2011] (the "Motion to Strike").

Plaintiff filed her Motion to Amend pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2), which permits amendment of a complaint by leave of court. Subsequently, Defendant SFG pointed out that Plaintiff was permitted to file her Amended Complaint as a matter of course pursuant to FRCP 15(a)(1), to which Plaintiff agreed in a

later filing. The Court also agrees with this assessment.[1]  Because Plaintiff was permitted to file her Amended Complaint [#32, #32-1] as a matter of course, the Court will not grant the relief requested in the Motion to Amend [#26] pursuant to FRCP 15(a)(2) but will permit Plaintiff to file her Amended Complaint pursuant to FRCP 15(a)(1).

The Court next turns to Defendant SFG's Motion to Strike [#36]. Defendant argues that Plaintiff's Motion to Amend "improperly describes certain settlement communications," which is in "blatant disregard for and in violation of [Federal Rule of Evidence ("FRE")] 408." *See Motion to Strike* [#36] at 2. FRE 408 provides:

> (a) **Prohibited uses.**—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) **Permitted uses.**—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Defendant SFG requests that the allegedly offending Motion to Amend and its accompanying exhibits be stricken from the record. *See id.* at 3.

The Court has examined the Motion to Amend [#26] and its accompanying exhibits

---

[1] On September 9, 2011, Defendant SFG filed a Motion to Dismiss [#24]. Pursuant to FRCP 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under [FRCP] 12(b) . . . ." Plaintiff filed her Motion to Amend [#26] on September 29, 2011, within the requisite 21-day time frame. This is Plaintiff's first request to amend her Complaint [#1].

[#27, #29, #30, #31]. Although Defendant SFG requests that the entire Motion to Amend and all of its exhibits be stricken, it primarily takes issue with page eight of the Motion to Amend, Exhibit One (Declaration of Plaintiff), and Exhibit Four (Knoeckel Letter & Email & Walker Letter).  *See Motion to Strike* [#36] at 2.  The text objected to by Defendant SFG in the Motion to Amend is as follows:

> Approximately, eight days after serving the Summons and Complaint, on or about May 3, 2011, on behalf of [Defendant SFG], John F. Knoeckel, Esq. initiated settlement negotiations with [Plaintiff].  (Exhibit 4).  In one correspondence, Mr. Knoeckel, Esq. represented that he was general counsel for [Defendant SFG].  (Exhibit 4).  However, in other correspondences, John F. Knoeckel represented that he was counsel for American National Bank.  Mr. Knoeckel negotiated with [Plaintiff], through her counsel, Robert J. Mulhern, Esq., on behalf of American National Bank. (Exhibit 4).  American National Bank, through Mr. Knoeckel, Esq., even was willing to settle this matter.  (Exhibits 1 & 4).
>
> Furthermore, during these settlement negotiations, John F. Knoeckel, Esq. and the outside counsel, Julie M. Walker, Esq., would tag team the plaintiff's counsel.  First, Mr. Knoeckel, on behalf of American National Bank, would negotiate with [Plaintiff] through her counsel.  Then, Mrs. Walker would assist John F. Knoeckel of American National Bank by trying to settle this case.  As discussed above, again, general counsel represented both [Defendant SFG] and American National Bank.  There is no doubt that Mrs. Walker, Esq. is also counsel for American National Bank.  She negotiated on its behalf, along with Mr. Knoeckel.  However, on August 31, 2011, the American National Bank, through Julie M. Walker, Esq., withdrew its offer because the parties could not agree to certain terms and conditions.  (Exhibits 1 & 4).
>
> On or about August 2, 2011, Julie Walker, the attorney for the defendant, informed counsel that [Defendant SFG] and American National Bank stood on their own.  However, during settlement negotiations, the defendant's counsel never provided any proof.  (Exhibit 1).  It was not until Mrs. Walker filed her Motion to Dismiss, which had improperly attached documents, did this attorney provide proof that the correct name was American National Bank, a national banking association.  (Exhibit 1).

*Motion to Amend* [#26] at 8-9.  Exhibit One (Declaration of Plaintiff) is mirrored by the text in the Motion to Amend.  *See Exhibits 1 Through 4 for Plaintiff's Motion to Amend* [#27] at

3. Exhibit Four (Knoeckel Letter & Email & Walker Letter) provides heavily redacted correspondence between Plaintiff's counsel and Mr. Knoeckel and Ms. Walker. *See id.* at 10-13. In part, Plaintiff states that this information was necessary to show that American National Bank had notice of the lawsuit, since her Amended Complaint [#32] names American National Bank as a defendant. *See Response to Motion to Strike* [#45] at 6.

The Court has already found that Plaintiff was permitted to file her Amended Complaint as a matter of course pursuant to FRCP 15(a)(1). Thus, the disclosure of settlement information in Plaintiff's Motion to Amend is superfluous. Plaintiff argues, however, that she submitted the settlement evidence "to show notice of the lawsuit [to Defendant SFG and proposed defendant American National Bank,] to show the Plaintiff did not act in bad faith, have dilatory motives, and commit undue delays and [to show] the Defendant was not unduly prejudiced" in support of her request to amend pursuant to Rule 15(a)(2). *Response to Motion to Strike* [#45] at 5. These reasons are not prohibited by FRE 408(a) and one reason—"negating a contention of undue delay"—is specifically listed as permissible by FRE 408(b). Because FRE 408(a) does not specifically prohibit the use of the settlement information provided by Plaintiff, and because FRE 408(b) states that FRE 408 "does not require exclusion if the evidence is offered for purposes not prohibited by [FRE 408(a)]," Defendant SFG has failed to show that Plaintiff's Motion to Amend and its accompanying exhibits should be stricken.

Further, the Court notes that FRE 408 is a rule of evidence regarding admissibility. Its purpose, therefore, "is to avoid having this type of evidence heard by the trier of fact, *i.e.*, the jury." *Precision Fitness Equip., Inc. v. Nautilus, Inc.*, No. 08-cv-01228-CMA-KLM, 2009 WL 3698525, at *4 (D. Colo. Nov. 4, 2009). Thus, disclosure of this information to the

Court in a pleading like the Motion to Amend does not violate FRE 408 or prejudice Defendant SFG.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#32, #32-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **November 23, 2011**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Amend [#26] is **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that Defendant's Motion to Strike [#36] is **DENIED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 6, 2011 at 11:00 a.m. is **VACATED** and **RESET** to **January 5, 2012 at 10:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **December 30, 2011**.

DATED: November 9, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge