IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00962-WJM-KLM

TISHA K. LAFRAMBOISE, as an individual and former vice president,

　　　Plaintiff,

v.

AMERICAN NATIONAL BANK, a National banking association also known as American National Bank,

　　　Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Partially Unopposed Motion to Vacate January 31, 2012 Scheduling/Planning Conference and Set a Settlement Conference** [Docket No. 66; Filed January 24, 2012] (the "Motion").  Defendant asks the Court to stay scheduling pending resolution of its Motion to Dismiss Plaintiff's First Amended Complaint [#51].  Defendant asserts that Plaintiff is unopposed to this request.  Defendant also requests a settlement conference in this matter " to see if any common ground can be reached."  *See Motion* [#66] at 4.  Defendant represents that Plaintiff opposes this relief.  For the reasons stated below, the Court **DENIES** the Motion.

**I.  Scheduling Conference**

Defendant essentially seeks an "unofficial" stay in this matter.  Because discovery will not commence until after the Scheduling Conference, proceedings  would effectively be stayed until resolution of Defendant's dispositive motion.  The Court thus construes

Defendant's request to vacate the scheduling conference as a motion to stay.

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending.  *Id.*  The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. and Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending.  *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending).  Indeed, "a court may decide that in a particular

case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiff's interests in proceeding expeditiously with the action and the potential prejudice to Plaintiff resulting from a delay; (2) the burden on Defendant; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest.  *String Cheese Incident, LLC*, 2006 WL 894955 at \*2.

### 1. Plaintiff's Interests

This litigation does not differ substantially from other civil litigation.  Plaintiff's interest in proceeding with the lawsuit is manifest, as is Defendant's interest in avoiding or delaying it.  Here, staying discovery would further delay the resolution of Plaintiff's claims in an already-aging case, should the pending Motion to Dismiss be denied.  This factor weighs against the imposition of a stay.

### 2. Defendant's Burden

This issue concerns whether Defendant will be unfairly burdened if discovery proceeds before rulings are issued on the pending dispositive motion. *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss").  The Court is not inclined to prejudge the merits of the dispositive motion; however, the Court recognizes that proceeding with discovery would be wasteful should the Motion to Dismiss be granted.  Thus, this factor weighs in favor of imposing a stay.[1]

### 3.  Convenience to the Court

Entry of a stay may cause significant delay in resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.  Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* WJM Practice Standards §§ II.D, III.D, III.E  (Nov. 1, 2011).  This factor weighs against the entry of a stay.

### 4.  Interest of Non-Parties

The Court finds that this factor does not weigh in favor of or against imposition of a stay, as it is impossible to predict the effect of a stay on any non-parties at this time.

### 5.  The Public Interest

---

[1] Defendant worries that the Court may find that its participation in a Scheduling Conference would waive the personal jurisdiction argument it made pursuant to Fed. R. Civ. P. 12(b)(5) in its Motion to Dismiss [#51].  However, Defendant only cites to cases wherein courts have found that such appearances were made prior to the issue of personal jurisdiction being raised.  Defendant preserved its personal jurisdiction argument at the time its motion was filed, and participation in the Scheduling Conference will not negate that.

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will not be advanced by imposition of a stay.  Hence, this factor weighs against entry of a stay.

The strong presumption against stays, as well as application of the *String Cheese* factors, results in the conclusion that imposition of a stay of discovery is not justified in this case.  Accordingly, to the extent that Defendant requests an order indefinitely vacating the scheduling conference,

IT IS HEREBY **ORDERED** that the Motion [#66] is **DENIED**.  The Scheduling Conference remains set for January 31, 2012.

## II.  Settlement Conference

With respect to the request for a settlement conference, Defendant asserts that Plaintiff opposes the setting of a settlement conference at this time.  Consent by all parties to a settlement conference is a necessary prerequisite.  Accordingly, to the extent that Defendant requests a settlement conference at this time,

IT IS HEREBY **ORDERED** that the Motion [#66] is **DENIED without prejudice**.

Dated:  January 25, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge